UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LANCE MORNINGSTAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-273-HAB-SLC |
| ALEXIS AGUILERA, et al., | |
| Defendants. | |

OPINION AND ORDER

Lance Morningstar, a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morningstar alleges that on October 5, 2020, Officers Alexis Aguilera, Michael Bodeker, and Whitney A. Woods of the Fort Wayne Police Department were provided information about a suspicious "light skinned male." ECF 6 at 2. Morningstar claims this referred to an African American individual, but, due to the "political climate at the time," they targeted him as a white male instead. *Id*. He alleges the officers approached him while he was near the Travelodge on Challenge Parkway in Fort Wayne, IN,

immediately tackled him, and then used a Taser on him. During the process of apprehending him, Morningstar alleges they accused him of having a gun and firing two shots at them. It may be assumed for purposes of this screening order that Morningstar disputes he had or fired a gun. He claims Officer Aguilera then deliberately and maliciously shot him in the back for no reason, which left him permanently disabled. Morningstar has sued Officer Aguilera, Officer Bodeker, Officer Woods, Officer Scott Studebaker, the Fort Wayne Police Department, and the City of Fort Wayne for monetary damages.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is

2

about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted).

Here, Morningstar alleges Officers Aguilera, Bodeker, and Woods approached him—even though they knew he didn't match the description of the subject they were seeking—and immediately proceeded to tackle and tase him. He further alleges Officer Aguilera then maliciously shot him in the back despite the fact that Morningstar didn't have or use a gun. Although later factfinding may reveal the officers' actions were reasonable based on the particular circumstances that unfolded, giving Morningstar the benefit of the inferences to which he is entitled at this stage, he has stated plausible Fourth Amendment claims against them.

He also claims that Officers Bodeker, Woods, and Studebaker are responsible for the fact that Officer Aguilera shot him. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the

3

use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

Here, Morningstar does not describe the actions of or even mention Officer Studebaker anywhere in the body of the complaint. In an attached document entitled "Fort Wane Police Department Citizen Complaint of Police Actions," he states Officer Studebaker was involved solely because he was the "Affiant" (purportedly related to the description of the suspicious subject). ECF 6-1 at 1. These sparse allegations are insufficient to state a plausible failure to intervene or any other claim against him. Accordingly, he will be dismissed from this lawsuit. *See e.g. Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). With regard to the other officers, Morningstar does not provide any factual content to support an inference that they had a realistic opportunity to step forward and prevent Officer Aguilera from shooting him.

4

*Miller*, 220 F.3d at 495; *Bissessur*, 581 F.3d at 602. Therefore, these claims will be dismissed as well.[1]

Finally, Morningstar has sued the Fort Wayne Police Department and the City of Fort Wayne. However, the Fort Wayne Police Department is not an individual or even a policy-making unit of government that can be sued under 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (applying Indiana law). And, while the City of Fort Wayne can be amenable to suit in certain circumstances, Morningstar has not stated any plausible claims against it here. *See e.g. J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (noting that while a municipality "can be held responsible for constitutional violations . . . when they themselves cause the deprivation of rights," they cannot be held vicariously liable for the torts of its employees or agents). Therefore, these entities will be dismissed.

For these reasons, the court:

(1) GRANTS Lance Morningstar leave to proceed against Officer Alexis Aguilera, Officer Michael Bodecker, and Officer Whitney A. Woods in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on October 5, 2020, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

---

[1] That said, as explained above, Morningstar will be allowed to proceed against Officer Bodeker and Officer Woods for subjecting him to excessive force by abruptly tackling and using a Taser on him during the course of the apprehension.

(3) DISMISSES Officer Studebaker, the Fort Wayne Police Department, and the City of Fort Wayne;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Alexis Aguilera, Officer Michael Bodecker, and Officer Whitney A. Woods at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 6);

(5) ORDERS the Chief of the Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Alexis Aguilera, Officer Michael Bodecker, and Officer Whitney A. Woods to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 28, 2023.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT